IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

SEP 0 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| PETER PENA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   05 C 3571 |
| | ) |
| A & C LANDSCAPING, INC., an | ) |
| Illinois Corporation; EARTH, INC, | ) |
| an Illinois Corporation; | ) |
| THOMAS KANZLER, individually; | ) |
| GEORGE KANZLER, individually; | ) |
| JAMES SNYDER, individually, and | ) |
| BRUCE LARSON, individually, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING AND PROOF OF SERVICE

Please take notice that on the 6th day of September 2005 the undersigned shall cause to be

filed with the Clerk For United States District Court For The Northern District of Illinois,

Eastern Division, Plaintiff's Motion to Disqualify Defendants' Counsel, David M. Laz, a copy of

which is hereby served upon you.

By: _____

David C. Thollander
One of Plaintiff's Attorneys

The Thollander Law Firm
1048 Ogden Avenue, Suite 200
Downers Grove, IL 60515
(630) 971-9195 (Telephone)
(630) 971-9240 (Facsimile)
ARDC Number: 6202012

## CERTIFICATE OF SERVICE

David C. Thollander, an attorney, certifies that he caused a true and correct copy of the foregoing Notice of Filing and Motion to Disqualify Defendants' Counsel, David M. Laz, to be served upon the following counsel of record:

David M. Laz
810 N. Arlington Heights Road, Suite 1
Itasca, Illinois 60143

by depositing same in the United States Mail, postage prepaid located at 1048 Ogden Avenue, Suite 200, Downers Grove, Illinois 60515 at or about the hour of 5:00 p.m. on September 6, 2005.

David C. Thollander

The Thollander Law Firm
1048 Ogden Avenue, Suite 200
Downers Grove, IL 60515
(630) 971-9195 (Telephone)
(630) 971-9240 (Facsimile)
ARDC Number: 6202012

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*

SEP 0 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|                                        |     |     |           |
|----------------------------------------|-----|-----|-----------|
| PETER PENA,                            | )   |     |           |
|                                        | )   |     |           |
| Plaintiff,                             | )   |     |           |
|                                        | )   |     |           |
| v.                                     | )   | No. | 05 C 3571 |
|                                        | )   |     |           |
| A & C LANDSCAPING, INC., an            | )   |     |           |
| Illinois Corporation; EARTH, INC,      | )   |     |           |
| an Illinois Corporation;               | )   |     |           |
| THOMAS KANZLER, individually;          | )   |     |           |
| GEORGE KANZLER, individually;          | )   |     |           |
| JAMES SNYDER, individually, and        | )   |     |           |
| BRUCE LARSON, individually,            | )   |     |           |
|                                        | )   |     |           |
| Defendants.                            | )   |     |           |

## MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, DAVID M. LAZ

NOW COMES the Plaintiff, Peter Pena (hereinafter referred to as "Plaintiff") by and through his attorneys, David C. Thollander and The Thollander Law Firm, and pursuant to Local Rules of the United States District Court, Northern District of Illinois, Rules 83.51.6; 83.51.7; 83.51.8; 83.51.9 and 83.51.16, respectfully requests that this Court disqualify David M. Laz (hereinafter "Attorney Laz"), counsel for the Defendants, from further representation of the Defendants. In support thereof, Plaintiff states as follows:

### I. COMMENCEMENT OF PROCEEDING AND NATURE OF ACTION

1.    On June 20, 2005, Plaintiff commenced the present action against the Defendants maintaining, *inter alia*, that the Defendants were, and are, engaged in a pattern of racketeering activity in violation of Section 18 U.S.C. Section 1962. Plaintiff

further asserts pendent state claims for wrongful and retaliatory discharge (Count II), and multiple violations of the Illinois Wage Payment Act (Counts III and IV).

2.     On or about July 29, 2005, Attorney Laz filed his Appearance on behalf of some, if not all, the Defendants[1]. Attorney Laz is representing the Defendants in the defense of Plaintiff's Complaint.

## II. ATTORNEY LAZ HAS VIOLATED THE RULES OF PROFESSIONAL CONDUCT ADOPTED AND IMPLEMENTED BY THE NORTHERN DISTRICT OF ILLINOIS

### A.     An indelible conflict of interest exists as to Attorney Laz's representation of the Defendants.

3.     On or about July 25, 2001, Plaintiff sustained an injury to his abdomen and groin while at work and on the job for Defendant A&C Landscaping, Inc. Attached hereto and incorporated by reference as Exhibit A is the Affidavit of Plaintiff. As a result of these injuries, Plaintiff incurred medical treatment and costs associated with this injury; the costs and expenses exceeded $25,000.00. See Exhibit A, Affidavit of Plaintiff.

4.     Plaintiff's injuries were of such severity that surgical intervention was required. See Exhibit A, Affidavit of Plaintiff. As a result of these injuries, Plaintiff was off work for approximately four (4) weeks. Attached hereto and incorporated by reference as Exhibit B is correspondence dated October 15, 2001, from West Bend Mutual Insurance Company and Defendant A&C Landscaping Comptroller's written notations.

---

[1] Plaintiff's counsel has yet to receive from Attorney Laz his Appearance.

2

5. Plaintiff understood that the costs associated with his treatment would be covered by Defendant A&C's insurance carrier, such being a work-related injury. See Exhibit A, Affidavit of Plaintiff.

6. On or about October 27, 2003, Plaintiff was served with Summons and a Complaint, entitled "*Malcolm S. Gerald & Associated, Inc. v. Peter Pena, Sr.*, 03 M1 169626" (hereinafter referred to as the "Cook County Action"). Attached hereto and incorporated by reference as Exhibit C is a copy of the Summons and Complaint. The Cook County Action pertained to the recovery of monies due and payable to St. Alexius Medical Center, one of several healthcare providers which provided treatment to Plaintiff relative to his July 25, 2001, injury. See Exhibit A, Affidavit of Plaintiff.

7. Plaintiff immediately discussed the Cook County Action with Thomas Kanzler whereupon Plaintiff was advised to speak with Attorney Laz. See Exhibit A, Affidavit of Plaintiff. On or about December 3, 2003 Plaintiff met with Attorney Laz relative to the Cook County Action. This discussion concerned the events and circumstances surrounding the injury, treatment and the Cook County Action. See Exhibit A, Affidavit of Plaintiff. During this meeting, Attorney Laz did make notations on the Complaint reflecting answers to each allegation contained therein. See Exhibit A, Affidavit of Plaintiff, and Exhibit C. Furthermore, Attorney Laz did affirmatively represent to Plaintiff that he would handle the Cook County Action, indicating he would appear at the December 4, 2003, initial status date. See Exhibit A, Affidavit of Plaintiff.

8. Unbeknownst to Plaintiff, Attorney Laz failed to appear on the December 4, 2003, hearing date whereupon a default judgment was entered against Plaintiff in the amount of $26,129.01. See Exhibit A, Affidavit of Plaintiff.

3

9.     On or about early January 2004, Plaintiff became apprised of this judgment whereupon he contacted Attorney Laz relative to this default judgment. See Exhibit A, Affidavit of Plaintiff. Plaintiff was advised by Attorney Laz that he would "take care of this"; thereafter, Attorney Laz did negotiate a settlement in the Cook County Action. See Exhibit A, Affidavit of Plaintiff.

10.    On or about early July 2004, Attorney Laz did advise Plaintiff that settlement had been secured relative to the Cook County Action in the amount of approximately $17,700.00. See Exhibit A, Affidavit of Plaintiff. Said amount was going to be paid, and in fact was paid, by Defendant A&C Landscaping. See Exhibit A, Affidavit of Plaintiff.

11.    Rule 83.51.7 of the Local Rules of the United States District Court, Northern District provides in pertinent part:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after disclosure.    (b)    A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or the lawyer's own interest, unless: (1) the lawyer reasonably believes the representation will not be adversely affected: and (2) the client consents after disclosure.

12.    Rule 83.51.7 was designed and adopted to avoid the very event presently before this Court; namely Attorney Laz's present representation of the Defendants against his former client, Plaintiff, which involves, among other matters, the July 25, 2001 injury. No reasonable attorney could remotely believe representing his or her client

4

in one action and against that same client in another action would *"not adversely affect the relationship"*. Moreover, Plaintiff has never consented to the foregoing.

13.     The committee comments following Rule 83.51.7 remark that *"loyalty is an essential element in the lawyer's relationship to a client...If such a conflict arises after representation has been undertaken, the lawyer should withdraw from representation."* These comments further provide, *"As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without the client's consent. Section (a) expresses that general rule. Thus, a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter, even if it is wholly unrelated."* Attorney Laz's present representation reveals an unmistakable conflict of interest. Indeed, this attorney may not serve two (2) masters who have conflicting interests and objectives. Consequently, there is a clear violation of the Rules of Professional Conduct, Rule 83.51.7.

**B.     There exists more than a minimal prospect that Client confidences will be breached.**

14.     Rule 83.51.6 provides in pertinent part, *"Except when required under section (b) or permitted under section (c), a lawyer shall not, during or after termination of the professional relationship with the client, use or reveal a confidence or secret of the client known to the lawyer unless the client consents after consultation."* These obligations are inviolate.

15.     Similarly, Rule 83.51.8 provides in part, *"A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless client consents after disclosure, except as permitted or required by LR83.51.6 or LR83.53.3."*

5

16. In the matter presently before this Court, Attorney Laz has been the benefactor of confidential information concerning Plaintiff. It is more than conceivable that this information may ultimately be used to the disadvantage of Plaintiff, his client. Indeed, one of several issues in the present litigation involve Plaintiff's injury, the medical costs, and the unilateral election by Defendant A&C to withdraw monies from Plaintiff's wages in an apparent attempt to recoup its affirmative obligation to pay for Plaintiff's work-related injury. Plaintiff disclosed issues relating and surrounding his injury to Attorney Laz which may be used against Plaintiff in defending Count IV of the Complaint. Thus, conflicts arise while client confidences must be steadfastly protected. Disqualification of Attorney Laz is warranted.

17. Similarly, Rule 83.51.9 affirmatively prohibits representation where *"the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after disclosure"* Yet again, the interests are directly adverse and there has been no consent by Plaintiff. Disqualification of Attorney Laz is warranted.

## C. Attorney Laz has violated the Rules of Professional Conduct Mandating Disqualification.

18. It is inconceivable and simply an affront to the attorney-client relationship and code of conduct that Attorney Laz has disregarded his ethical obligations to Plaintiff. Rule 83.51.16 mandates withdrawal of a lawyer if, *"the lawyer knows or reasonably should know that such continued employment will result in violation of these rules."* In this present matter, Attorney Laz cannot feign ignorance of the rules or his previous relationship with Plaintiff; an indelible conflict results therefrom.

6

## III. CONCLUSION

19.     For the reasons set forth herein, Attorney Laz must be disqualified from further representation of the Defendants.

**WHEREFORE,** the Plaintiff, Peter Pena, respectfully requests that this Honorable Court rule as follows:

A.     Enter an Order disqualifying Attorney Laz from representing the Defendants;

B.     Award Plaintiff all costs, including attorney's fees, incurred by him as a result of Attorney Laz's knowing conflict of interest and violations of the Rules of Professional Conduct; and

C.     Grant Plaintiff such other and further relief as this Court deems equitable and just.

Respectfully submitted,

*Peter Pena*

By: _____

One of his Attorneys

David C. Thollander
The Thollander Law Firm
1048 Ogden Avenue
Suite 200
Downers Grove, Illinois  60515
(630) 971-9195 (voice)
(630) 971 – 9240 (facsimile)

7

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PETER PENA,          )
                 )
      Plaintiff,    )
                 )
v.                  )    No.    05 C 3571
                 )
A & C LANDSCAPING, INC., an  )
Illinois Corporation; EARTH, INC,  )
an Illinois Corporation;    )
THOMAS KANZLER, individually;  )
GEORGE KANZLER, individually;  )
JAMES SNYDER, individually, and  )
BRUCE LARSON, individually,   )
                 )
      Defendants.   )

## AFFIDAVIT OF PETER PENA

Affiant, Peter Pena, being duly sworn on oath, does state as follows:

1.     Affiant is the named Plaintiff in the above-captioned matter.

2.     On or about July 25, 2001, Affiant sustained an injury to his abdomen and groin while at work, on the job and fulfilling his duties and responsibilities for his employer, Defendant A&C Landscaping, Inc.

3.     As a result of these injuries, Affiant incurred medical treatment and costs associated with this injury; the costs and expenses exceeded $25,000.00.

4.     Affiant required surgery as a result of his July 25, 2001 injuries.

5.     Because Affiant sustained injuries at work and while performing his duties and responsibilities for Defendant A&C Landscaping, Affiant understood that the costs associated with his treatment would be covered by Defendant A&C's insurance carrier.



EXHIBIT
A

6.     On or about October 27, 2003, Affiant was served with Summons and a Complaint, entitled "*Malcolm S. Gerald & Associated, Inc. v. Peter Pena, Sr.*, 03 M1 169626". This Complaint concerned recovery of monies allegedly due and payable to St. Alexius Medical Center, one of several healthcare providers which provided treatment to Affiant concerning his July 25, 2001, injury.

7.     Upon receipt of the Summons and Complaint, Affiant discussed this matter with Thomas Kanzler whereupon Affiant was advised to speak with Attorney Laz.

8.     On or about December 3, 2003 Affiant met with Attorney Laz relative to the Summons and Complaint. Affiant discussed with Attorney Laz the events and circumstances surrounding the July 25, 2001, injury; his medical treatment associated with this injury; and the nature and extent of the Complaint and judicial process relative thereto. During Affiant's meeting with Attorney Laz, Attorney Laz reviewed the Complaint and made notations on the Complaint reflecting answers to each allegation contained therein. Attached hereto and incorporated by reference as Exhibit A is a true and correct copy of the Complaint and Attorney Laz's notations.

9.     Attorney Laz did represent to Affiant that he would handle this matter, indicating Attorney Laz would appear at the initial status hearing set for December 4, 2003.

10.     On or about early January 2004, Affiant received correspondence from counsel for plaintiff in the aforesaid action indicating that judgment was entered against Affiant. Affiant contacted Attorney Laz and was advised by Attorney Laz that Attorney Laz had failed to appear at this court hearing. Affiant was further advised by Attorney Laz that Attorney Laz would "take care of this".

2

11.     On or about early July 2004, Attorney Laz advised Affiant that he had negotiated a settlement in the aforesaid action in the amount approximately $17,700.00.

12.     Affiant was further informed by Attorney Laz that the settlement amount would be paid by Defendant A&C Landscaping.

Affiant further sayeth naught.

_____
Peter Pena

Subscribed and Sworn to before me,
this ___ day of September 2005

_____
Notary Public

OFFICIAL SEAL
DAVID C. THOLLANDER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 05/15/08

The Thollander Law Firm
1048 Ogden Avenue
Suite 200
Downers Grove, Illinois 60515
Phone: (630) 971 - 9195
Fax: (630) 971-9240 (Fax service expressly declined)
ARDC Number 6202012

3



### WEST BEND Mutual
INSURANCE COMPANY ■ TIME TESTED SINCE 1894

October 15, 2001

EARTH, INC; A&C LANDSCAPING
INC; FAL-KAN, LTD; GEM
810 ARLINGTON HEIGHTS RD #1A
ITASCA IL 60143

| | |
|---|---|
| Claim Number: | WCD 0426655 02 TP |
| Insured: | EARTH, INC; A&C LANDSCAPING |
| Claimant: | PETE PENA |
| Date of Loss: | 07/25/2001 |
| Claimant Birth Date: | 08/11/1950 |
| Social Security Number: | 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 |

I am currently processing the loss described above, but I need additional information:

- We have received an Employer's First Report concerning the industrial injury sustained by PETE PENA on 07/25/2001. Please advise the exact date this person returned to work. If this employee has not returned to work, please hold this form and advise at the time he or she does return, or call me directly and report this information.

When you reply, please refer to our claim number listed above, or attach this letter to your reply. Thank you for your assistance.

Sincerely,

TERI PEYTON/iac
Worker's Compensation Claims Department
(262) 338-5130 or 1-800-236-5010 Extension 5130

WB-26 (11-99)

10/18/01

*WE CONTINUED TO PAY HIM WHILE HE WAS RECUPERATING*

*W/E 7/28  65 1/4 Hours  ) REGULAR SCHEDULE TO 7/25*
*                         + PAID FOR REGULAR SCHEDULE THE ENTIRE WE*
*W/E 8/4   40 HOURS  ) HE STAYED AT HOME + USED OUR*
*                      CELL PHONE TO CONDUCT OUR BUSINESS*
*W/E 8/11  54 HOURS  )*
*W/E 8/18  62 1/4 HOURS   REGULAR SCHEDULE*

1900 South 18th Avenue ■ West Bend, WI 53095
www.westbendmutual.com

**EXHIBIT**

B

Returnable in
9:30 A.M. Sharp
In the Circuit Court of Cook County, Illinois

MALCOLM S. GERALD & ASSOCIATES INC.

Plaintiff,

vs.

PETER PENA Sr.

Defendant

220 Carnation Lane
Hoffman Estates Illinois, 60195
Cook

No.

## 03M1169626

Amt. Claimed $25,584.50
plus court costs

Return Date:

## DEC 4 2003

### S U M M O N S

To each defendant:

**YOU ARE SUMMONED** and required:

1. To file your written appearance by yourself or your attorney and pay the required fee

in Room No. 602, Richard J. Daley Center, Chicago, Illinois, at or before 9:30 A.M. on

## DEC 4 2003

2. To file your answer to the complaint in Room No. 602 as required by Par. 3(c) in the

Notice to Defendant below.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the Officer: This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 3 days before the day of appearance.

| THERE WILL BE A FEE TO FILE YOUR APPEARANCE. IF CLAIM IS $1,500 OR LESS, FEE WILL BE $110; IF OVER $1,500 BUT NOT OVER $15,000 THE FEE WILL BE $120; OVER $15,000 THE FEE WILL BE $140 |
|---|

WITNESS _____ , 20 ____

DOROTHY BROWN  OCT 27 2003

LAW OFFICES OF BAKER, MILLER, (00786)
MARKOFF & KRASNY, LLC
11 S. LaSalle Street
Chicago, Illinois 60603
Telephone (312) 541-4100
**Service by Facsimile Transmission will be accepted at (312)541-4125

Date of Service: _____ , 20__
(to be inserted by officer on copy left with defendant or other person)

### NOTICE TO DEFENDANT

1. This case will not be heard on the day for appearance specified above. If you have filed your written appearance or answer, you need not appear in person on that day.
2. If the complaint is notarized or certified, your answer must be notarized or certified.
3. On the day for appearance specified above, the following will occur:
   a. If you have not obeyed this summons, a judgment or an order of default will be entered against you. Judgment is entered only if the amount claimed is liquidated, the complaint is notarized or certified, and a military affidavit is filed.
   b. If you are sued for $5000 or less you need not file an answer unless ordered to do so by the court. Your case will be assigned for trial after the day for appearance specified above in a courtroom designated by the Presiding Judge.
   c. In all other cases, if you have filed your appearance on time, you must file your answer not later than 10 days after the return date specified above. On or after the return date your case will be set for trial on a date and in a courtroom designated by the Presiding Judge, or, if a jury demand is filed, your case may be assigned to a jury calendar.
4. A late filing of an appearance or answer will not relieve _____ t or default order except by court order.

**EXHIBIT**

**C**

03-10751

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT – FIRST DISTRICT

MALCOLM S. GERALD        )
& ASSOCIATES, INC.,        )   No: **0 3 M 1 1 6 9 6 2 6**
                          )
          Plaintiff,      )   Amount Claimed: $25,584.50
                          )                            plus costs
   vs.                         )
                          )
PETER PENA SR.,          )   Return Date:    **DEC  4 2003**
                          )
          Defendant.     )

## COMPLAINT

**NOW COMES** Plaintiff, MALCOLM S. GERALD & ASSOCIATES, INC.,

through the law offices of Baker, Miller, Markoff & Krasny, LLC., and complaining of

the Defendant, PETER PENA, SR., states as follows:

1. Defendant, PETER PENA, SR., received certain hospital facilities,

materials and services from ST. ALEXIUS MEDICAL CENTER, as per Exhibit "A",

attached hereto and made a part hereof.

2. There remains a total amount due for said facilities, materials and services

of $25,457.50, none of which has been paid despite demand therefore.

3. For value, ST. ALEXIUS MEDICAL CENTER, assigned its rights against

said Defendant to Plaintiff, MALCOLM S. GERALD & ASSOCIATES, INC., as per

Exhibit "B", attached hereto and made a part hereof.

4. Said Defendant also received medical services from ALEXIAN

BROTHERS MEDICAL CENTER, pursuant to Exhibit "C", attached hereto and made a

part hereof.

5.     There remains due and owing the sum of $127.00 for said services, none of which has been paid despite demand therefore.

6.     ALEXIAN BROTHERS MEDICAL CENTER has assigned its rights, for value, against Defendant to Plaintiff herein. (See Exhibit "D" attached hereto and made a part hereof)

7.     There remains due and owing to Plaintiff the sum of $25,584.50, none of which has been paid despite demand therefore.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in the sum of $25,584.50, plus costs.

MALCOLM S. GERALD
ASSOCIATES, INC.,

By: _____
One of Its Attorneys

**VERIFICATION**

(SEE ATTACHED AFFIDAVIT)

Baker, Miller, Markoff & Krasny, LLC.,
11 S. LaSalle Street
19th Floor
Chicago, Illinois 60603
312/541-4100
Attorney Number - 00786

ASSIGNMENT OF CLAIM

St. Alexius Medical Center _____, (hereinafter "Creditor"), being the

owner of a claim against _____ Peter Pena Sr. _____ (hereinafter

"Debtor") in the sum of $___25,457.50___ hereby assigns said claim for

purposes of collection only to __Malcolm S. Gerald & Associates, Inc.____

(hereinafter "Collection Agency-Assignee").

　　　Collection Agency-Assignee hereby acknowledge that this claim is
being assigned pursuant to Illinois statute. Creditor further
acknowledges that Collection Agency-Assignee, by providing collection
services to Creditor, has provided valuable consideration for the
assignment of this debt.

　　　Creditor hereby warrants that Creditor is the valid owner of said
debt, that said debt has not been previously assigned or discharged,
and will do nothing to discharge the debt or hinder its collection by
Collection Agency-Assignee after assignment by Creditor.

　　　Creditor also warrants that by his assignment Collection Agency-
Assignee assumes no liability or obligation Creditor may owe to Debtor
with regard to this debt except according to Illinois Statute.

DATED: ___8/13/03_____

_____

Creditor or Authorized Agent for Creditor with full Power and Authority
to assign this debt to Collection Agency-Assignee.

ASSIGNMENT OF CLAIM

Alexian Brothers Medical Center , (hereinafter "Creditor"), being the

owner of a claim against ____ Peter Pena Sr. _____ (hereinafter

"Debtor") in the sum of $ 127.00 _____ hereby assigns said claim for

purposes of collection only to Malcolm S. Gerald & Associates, Inc.

(hereinafter "Collection Agency-Assignee").


   Collection Agency-Assignee hereby acknowledge that this claim is
being assigned pursuant to Illinois statute. Creditor further
acknowledges that Collection Agency-Assignee, by providing collection
services to Creditor, has provided valuable consideration for the
assignment of this debt.

   Creditor hereby warrants that Creditor is the valid owner of said
debt, that said debt has not been previously assigned or discharged,
and will do nothing to discharge the debt or hinder its collection by
Collection Agency-Assignee after assignment by Creditor.

   Creditor also warrants that by his assignment Collection Agency-
Assignee assumes no liability or obligation Creditor may owe to Debtor
with regard to this debt except according to Illinois Statute.


DATED: ___ 8/13/03 _____

Creditor or Authorized Agent for Creditor with full Power and Authority
to assign this debt to Collection Agency-Assignee.

IN THE CIRCUIT COURT OF   COOK   COUNTY, ILLINOIS

MALCOLM S. GERALD                    )
& ASSOCIATES, INC.,                  )
                                     )
                 Plaintiff,          )
                                     )
         vs.                         )    No.:
                                     )
PETER PENA, SR.,                     )
                                     )
                                     )
                 Defendant(s).       )

---

## AFFIDAVIT OF ACCOUNT

I, _____**Barbara Hardin**_____, being first duly sworn,

depose and state that I am an authorized agent of the

Plaintiff herein, that I have read the foregoing complaint,

and that the exhibit attached hereto is taken directly from

the original books of entry of Plaintiff, that the balance

stated herein is in fact due and owing and that, to the best

of my knowledge, all lawful offsets, payments and credits have

been allowed.

> Pursuant to Section 1-109 of the Illinois
> Code of Civil Procedure, the undersigned
> certifies that the statements set forth
> are true and correct.

Dated: **8/13/03**    _Barbara Hardin_

ALEXIAN BROTHERS
Medical Center
800 BIESTERFIELD ROAD
ELK GROVE VILLAGE, IL 60007-3397
I.D. # 36-2536381
PHONE (847) 981-5775

**ITEMIZED STATEMENT
OF ALL CHARGES**

| TYPE OF BILL | DATE OF BILL | PAGE NO. |
|---|---|---|
| D1-OP1 | 07/01/02 | 1 |

| PATIENT NAME | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS |
|---|---|---|---|---|---|---|
| TER PENA SR | 02138-00192 | M | 52Y | 06/20/02 | 06/20/02 | |

| INSURANCE COMPANY NAME | GROUP NUMBER | POLICE NUMBER | |
|---|---|---|---|
| 7320 BLUE CROSS PPO | P09235 | X0F340404942 | |

PAYMENT AMOUNT

| GUARANTOR NAME AND ADDRESS | |
|---|---|
| PETER PENA SR 220 CARNATION HOFFMAN ESTATES IL 60195 | YOU MAY ALSO RECEIVE OTHER MEDICAL BILLS FROM I. YOUR ANESTHESIOLOGIST, RADIOLOGIST, PATHOLOGIS EMERGENCY ROOM PHYSICIAN, AMBULANCE COMPANY, ET IF YOU REQUIRE ADDITIONAL INFORMATION, SUCH AS WHY PARTICULAR HOSPITAL TEST OR EXAM WAS ORDERED, T REASON FOR TREATMENT OR FINAL DIAGNOSIS, PLEASE CC TACT YOUR PERSONAL PHYSICIAN. |

| DESCRIPTION | CLM CODE | ORDER NO. | QTY | UNIT PRICE | TOTAL CHARGES |
|---|---|---|---|---|---|
| | | | | | |



PATIENT NUMBER
138-00192

AMOUNTS INDICATED TO BE PAID BY PATIENT INSURANCES ARE ESTIMATED BY THE HOSPITAL. HOWEVER, PATIENTS AND/OR THEIR GUARANTORS ARE RESPONSIBLE FOR THE FINAL PAYMENTS OF THEIR HOSPITAL BILLS.

HEN SENDING PAYMENT, PLEASE INCLUDE NAME AND PATIENT NUMBER. THANK YOU

TOTAL AMOUNT DUE    127.00







F004917662      PENA, PETER

178538956

ACCT: F004917662                          GUAR: 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
PENA, PETER                               PENA, PETER
220 CARNATION                             220 CARNATION
HOFFMAN ESTATES, IL 60194                 HOFFMAN ESTATES, IL 60194
(847)885-0337/(630)285-9800               (847)885-0337 (H)


51 M            ADM/SER:    07/25/01   UR CHG:          0 WORKCOMP.F          0
IP              DISCHARGE:  07/30/01   AR CHG:    25457.50 SELFPAY.F    25457.50 07/30/01
BD 04/04/02     LST STMT:   03/02/02   BALANCE:   25457.50
MSG