IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER PENA, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)   Case No. 05 C 3571<br>A & C LANDSCAPING, INC., an )<br>Illinois corporation; EARTH, INC., an )<br>Illinois corporation; THOMAS KANZLER )<br>individually; GEORGE KANZLER, )<br>individually; JAMES SNIDER, )<br>individually; and BRUCE LARSON, )<br>individually, )<br>)<br>       Defendant. ) | |

## **MOTION FOR RULE 11 SANCTIONS**

NOW COME the Defendants, A & C LANDSCAPING, INC., an Illinois corporation; EARTH, INC., an Illinois corporation; THOMAS KANZLER, GEORGE KANZLER, JAMES SNIDER, and BRUCE LARSON, each individually, and in support of their Motion for Rule 11 Sanctions against the Plaintiff, PETER PENA, state as follows:

That on April 7, 2008, deponent, JOSEPH WARD (hereinafter "WARD"), was served with a subpoena for deposition by the Defendants, a copy of which is attached hereto and made a part hereof as **Exhibit A.**

That WARD failed to appear.

That on May 13, 2008, this Court issued a rule to show cause why Deponent WARD should not be held in contempt and continued this matter to June 2, 2008 for status on his compliance with the subpoena for deposition.

That on May 13, 2008, Plaintiff's counsel, David C. Thollander (hereinafter "DAVID"), telephoned one of Defendants' counsel, Eric P. Ferleger (hereinafter "ERIC"), and advised that he had spoken to WARD and to call his offices to reschedule the WARD deposition to a date convenient to each counsel's calendar. See Affidavit of ERIC, attached hereto and made a part hereof as **Exhibit B.**

That on May 13, 2008, ERIC spoke with Plaintiff's counsel's secretary and reset

the WARD deposition (see Exhibit B).

That on May 15, 2008, ERIC sent DAVID a confirming letter, a copy of which is attached hereto and made a part hereof as **Exhibit C.**

That on May 22, 2008, ERIC advised DAVID, by letter, that he was uncertain if the deposition would proceed on May 28, 2008, a copy of which is attached hereto and made a part hereof as **Exhibit D.**

That on May 27, 2008, one of Defendants' counsel, Thomas Laz (hereinafter "TOM") advised DAVID, via email, that the deposition of WARD would proceed, a copy of which is attached hereto and made a part hereof as **Exhibit E.**

That a further exchange of emails occurred between respective counsel on that same date (see Exhibit E).

That on May 28, 2008, all parties, including respective counsel and a court reporter, appeared for the deposition of WARD.

That WARD did not appear.

That a transcript of the proceedings is being prepared (unavailable as of the date of this filing).

That on May 28, 2008, on the record, DAVID advised all parties that he did not believe WARD would appear and it was not his duty to inform WARD to appear, notwithstanding his previous representations to the contrary.

That WARD has previously had at least one meeting with DAVID at his offices, as testified to by Richard Houston, at his deposition.

That subsequently, TOM telephoned WARD's attorney Thomas Decker. A copy of TOM's affidavit relating to all of the above, is attached hereto and made a part hereof as **Exhibit F.**

That WARD's attorney advised TOM that DAVID advised him (Decker)on May 27, 2008 (the day before his deposition), that the deposition of WARD was not going to be held.

That DAVID has committed perjury and falsely misled all parties by his emails and testimony at the deposition.

That DAVID's failure to advise WARD's attorney as to WARD'S deposition is contemptuous and both WARD and DAVID are in contempt of this Court.

That discovery was continued pursuant to DAVID's motion, on the last status and

is presently closed.

That there is no other outstanding discovery excepting WARD's deposition.

That Defendants have incurred substantial attorney's fees in their attempts to depose WARD (see **Exhibit G** attached hereto).

That DAVID has flagrantly violated Federal Rule 11 and by his perjury has committed a criminal act.

That DAVID should be held in contempt of this Court and assessed fees incurred by Defendants, as attached hereto in **Exhibit G.**

WHEREFORE, the Defendants, A & C LANDSCAPING, INC., EARTH, INC., THOMAS KANZLER, GEORGE KANZLER, JAMES SNIDER, and BRUCE LARSON, and each of them, pray this Court enter an order as follows:

Holding Attorney David C. Thollander in contempt of Court;

Entering and continuing the Rule to Show Cause against Joseph Ward;

Extending discovery for the sole purpose of deposing Joseph Ward;

Sending a copy of this motion to the U.S. Attorney's offices for prosecution of Attorney David C. Thollander's perjury;

Compelling the resetting of Joseph Ward's deposition;

Assessing Rule 11 sanctions against Attorney David C. Thollander, as per Exhibit G in the amount of $_____, plus court reporting costs; and

Any and all other just and equitable relief as this Court deems proper.

        Respectfully submitted,


        By: /s/ Thomas Laz

THOMAS LAZ, Esq.
Attorney for Defendants
600 S. Washington St., Suite 301
Naperville, IL 60540
(630) 717-7555
Atty No. 1597388
STATE OF ILLINOIS  )
         ) SS

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN　　　　　　　　　　　　　　　　　EASTERN DIVISION

PETER PENA

V.

A&C LANDSCAPING, INC., EARTH, INC., et al

FOR DEPOSITION
SUBPOENA IN A CIVIL CASE

Case Number: 05 C 3571

TO: Mr. Joseph Ward

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Offices of Allen H. Shapiro, 1247 Waukegan Rd., Suite 100 Glenview, Illinois 00025 (Attending attorney: Eric P. Ferleger) | 4/9/08 @ 2:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)　Attorney Defendants　DATE 3-13-08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

1771 C Dewes St
Glenview Ill. 60025  847-832-0001

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

# AFFIDAVIT

Detective Richard A. Delorto, IL License #15-000561, being first duly sworn upon oath says that the last known mailing address of JOSEPH WARD, defendant, is 20923 South River Road, Joliet, Illinois, and the last known address of JOSEPH WARD, defendant, is same

Signed and Sworn before me

_April 8, 2008_
Date

_[signature]_
Notary Public

**Official Seal**
Nancy Delorto
Notary Public, State of Illinois
My Commission Expires 05/14/2010

_[signature]_
Det. Richard A. Delorto #15-000561

## SERVICE

I certify that I served this document on defendant(s) as follows:

☐ (a) Individual defendants - personal:
By leaving a copy and a copy of the complaint with each individual defendant

☒ (b) Individual defendants - abode:
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her family, of the age of 13 years or upwards, informing the person of the contents, and also by sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode.

☐ (c) Corporation defendants:
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation.

☐ (d) Other services: _____

☐ (e) Unable to serve:
By. _____

Name of Defendant: JOSEPH WARD

Name of Person Summons Given to: MRS. WARD

Sex: Female   Race: Caucasian   Approx. Age: 60

Place of Service: 20923 S. River Rd., Joliet, IL

Date of Service: April 7, 2008    Time of Service: 1:15 pm

STATE OF ILLINOIS ) 
                         ) SS 
COUNTY OF COOK )

### AFFIDAVIT OF ERIC P. FERLEGER

I, Eric P. Ferleger, being duly sworn upon oath, state as follows.

1. That Affiant is of legal age, resides in the State of Illinois, and if called upon to testify, would state that which is contained herein to be true and accurate.

2. That Affiant received a voicemail message from David C. Thollander (hereinafter "David") on May 13, 2008.

3. That Affiant, pursuant to the voicemail message received by David, telephoned his offices on that same date, chose a mutually convenient date on each counsel's respective calendars, the rescheduled deposition of Joseph Ward.

4. That the date agreed upon was May 28, 2008 at 2:00 p.m. in Itasca, Illinois.

5. That on May 15, 2008, Affiant sent a letter of confirmation to David.

6. That on May 20, 2008, Affiant learned that the Supreme Court had accepted his request to be removed from the rolls of licensed attorneys in the State of Illinois.

7. That on May 22, 2008, Affiant so advised David, in writing.

8. That Affiant also advised the Defendants of his inability to continue as their counsel in this cause, on May 22, 2008.

Further Affiant sayeth naught.

                                               /s/ Eric P. Ferleger 
                                               ERIC P. FERLEGER

SUBSCRIBED and SWORN to before me 
this 29th day of May, 2008.

_____ 
Notary Public


EXHIBIT

**Eric P. Ferleger**
*Attorney at Law*
**1771c Dewes Street
Glenview, IL 60025
Tel: (847) 832-0001 – Fax: (847) 832-0002
ericpferleger@sbcglobal.net**

May 15, 2008

<u>Via Facsimile Only (630) 971-9240</u>

David C. Thollander, Esq.
THE THOLLANDER LAW FIRM, LTD.
1048 Ogden Avenue, Suite 200
Downers Grove, IL 60515

    Re:    Pena vs. A&C – Case No. 05 C 3571

Dear Mr. Thollander:

As you know, Judge Zagel held Joseph Ward in contempt. In order to purge his contempt, I have reset his deposition. This letter shall confirm the re-scheduling of Joe's deposition on Wednesday, May 28, 2008 at the offices of Earth, Inc. in Itasca, at 2:00 p.m. I have confirmed this with your secretary and would like to be certain that you communicate with Joe Ward as per our discussions of Tuesday, May 13, 2008.

Should you have any further questions or informational requests, please feel free to call or contact the undersigned. Thanking you in advance, I remain

Very truly yours,


Eric P. Ferleger

EPF/msh


cc:    Tom Kanzler @A&C, Inc.



Eric P. Ferleger
1771c Dewes Street
Glenview, IL 60025
Tel: (847) 729-1050 – Fax: (847) 832-0002
ericpferleger@sbcglobal.net

May 22, 2008

**Via Email Only:** thollanderlaw@aol.com

David Thollander, Esq.
Attorney at Law
1048 Ogden Avenue, Suite 200
Downers Grove, IL 60515

Dear Mr. Thollander:

I have asked that my license be removed from the rolls of attorneys practicing in the State of Illinois. I am, therefore, no longer acting as counsel for Earth, Inc. or A&C Landscaping, Inc. in any pending matters. I am certain that Thomas Laz will **not** be taking the deposition of Joe Ward and am as yet uncertain who else, if anyone, will be substituting or proceeding as additional counsel. I am sure that whomsoever counsel Earth chooses to represent it hereinafter, will be in contact with you if and/or when that decision has been made.

As an accommodation, I would request that you advise Joe Ward that there is a possibility that his deposition may be continued. Good luck in this venture.

Thank you.

Very truly yours,


Eric P. Ferlger

EPF/msh

cc: Thomas Kanzler
    Thomas Laz, Esq.



EXHIBIT
D

AT&T Yahoo! Mail - thomaslaz@sbcglobal.net                                    Page 1 of 1

 Print - Close Window

**Date:** Tue, 27 May 2008 14:21:11 -0700 (PDT)
**From:** "Thomas Laz" <thomaslaz@sbcglobal.net>
**Subject:** Re: Pena deposition
**To:** thollanderlaw@aol.com

Dear Mr. Thollander:

I have received your email of this afternoon. Prior to this communication, I had previously received a copy of Mr. Ferleger's communication to you of May 15, 2008. He indicated at that time, that you called him to schedule Joe Ward's deposition through your office. He had no contact, nor is there any record of Joe Ward's having retained counsel in our files. If Mr. Ward does not appear tomorrow, I will proceed in front of Judge Zagel and have him held in contempt.

If necessary, I will obtain an affidavit from Eric Ferleger relating thereto.
Thomas Laz

**thollanderlaw@aol.com wrote:**

> Your correspondence is acknowledged. You will need to confirm such with Mr. Ward and his counsel. I trust you have the requisite telephone numbers.
>
> The Thollander Law Firm
> 1048 Ogden Avenue, Suite 200
> Downers Grove, IL 60515
> 630-971-9195 (telephone)
> 630-971-9240 (facsimile)
>
> THIS TRANSMISSION CONTAINS CONFIDENTIAL AND PRIVILEGED INFORMATION AND IS INTENDED FOR THE ADDRESSEE ONLY. IF IT HAS BEEN RECEIVED IN ERROR, PLEASE CONTACT THE THOLLANDER LAW FIRM AS SOON AS POSSIBLE AT (630) 971-9195. THANK YOU FOR YOUR COOPERATION.
>
> -----Original Message-----
> From: Thomas Laz <thomaslaz@sbcglobal.net>
> To: thollanderlaw@aol.com
> Sent: Tue, 27 May 2008 9:35 am
> Subject: Pena deposition
>
> Dear Mr Thollnader:
>
>     As you are aware, I am also attorney of record for all Defendants in the Pena v. A & C Landscaping, Inc. case. Based upon my being the attorney of record in this case, I am informing you that the deposition that is scheduled for May 28, 2008 at 2:00 p.m. at 810 Arlington Heights Rd, Itasca, Il. will go forward, at which time you may appear. If you desire to communicate with me, call me at (630) 717-7555.
>
> Thomas Laz
>
> Stay informed, get connected and more with AOL on your phone.



EXHIBIT E

## AFFIDAVIT OF THOMAS J. LAZ

I, Thomas J. Laz, being duly sworn upon oath, state as follows:

That Affiant is of legal age, resides in the State of Illinois, and if called upon to testify, would state that which is contained herein to be true and accurate.

That Affiant is one of the attorneys of record for the Defendants in this cause.

That Affiant was advised that Eric Ferlegger who was lead counsel in this matter for the past year and times prior thereto, was requesting that his name be withdrawn from the rolls of licensed attorneys in this case and would no longer be counsel for the defendants in this matter.

That Affiant was to take over the representation of the Defendants once again commencing with the deposition of Joseph Ward which was set for May 23, 2008.

That pursuant to his return to the case, Affiant met with the Defendants on May 27, 2008 for conference and deposition preparation regarding Joseph Ward.

That on May 27, 2008, Affiant caused to be sent an email to David Thollander regarding the deposition of Ward which is attached to this motion.

That on May 28, 2008, Affiant appeared at the offices of Defendants with a court reporter prepared to take the discovery deposition of Joseph Ward. Also present was David Thollander.

That Joseph Ward failed to appear and a record of the proceedings was made with David Thollander making certain statements for the record, as did Affiant.

That subsequent to the aborted deposition, Affiant had telephonic communications with Thomas Decker, the attorney who Affiant was advised, was attorney for Joseph Ward. In that conversation, Decker advised Affiant that Thollander had telephonic communication with Decker on May 27, 2008 and advised Decker that the Ward deposition was not going to occur. This conversation occurred initially while Affiant was in his car returning to his office and thereafter, Affiant called Decker back on a land line and while he could contemporaneously take notes, again
inquiring as to the time and date of the call from Thollander. Decker initially stated the call came on Monday and Affiant reminded Decker that Monday was Memorial Day (observed) and Decker then corrected himself and stated the call from Thollander came on Tuesday advising that the deposition of Ward would not take place.

That Affiant has engaged in the time indicated in the attached exhibit in preparation of this motion and deposition preparation and attendance for the Ward deposition.

Further Affiant sayeth naught.

<div style="text-align: right;">/s/ Thomas J. Laz<br>THOMAS J. LAZ</div>

SUBSCRIBED and SWORN to before me
this 30th day of May, 2008.

_____
Notary Public

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF COOK           )

### AFFIDAVIT OF    THOMAS J. LAZ

I, Thomas J. Laz, being duly sworn upon oath, state as follows:

That Affiant is of legal age, resides in the State of Illinois, and if called upon to testify, would state that which is contained herein to be true and accurate.

That Affiant was retained by the Defendants to represent him in this case an.

That Affiant has incurred the following attorneys fees relating to his preparation and attendance at the deposition of Joseph Ward.:

All out of court time charges at $250.00 per hour.

| | | |
|---|---|---|
| May 27, 2008 conf w/ client at Itasca to discuss case and dep prep–2 hrs | | $500.00 |
| May 28, 2008 –read Houston deposition | .75 hrs | $175.00 |
| May 28, 2008 appear at Itasca for dep, no deponent; make record and discuss case and strategy | 2hrs | $500.00 |
| May 28, 2008 tele conference with w/ Tom Decker, atty for Ward. Deceker informed affiant that Thollander advised Decker that deposition was cancelled. | .25 hrs | $ 87.50 |
| May 29, 2008 draft petition for sanctions along with supporting affidavits; discuss Eric Ferleger affidavit for content with him; forward to client for review | 1.5hrs | $375.00 |

Further Affiant sayeth naught.

                                            /s/ Thomas J. Laz.
                                            THOMAS J. LAZ

SUBSCRIBED and SWORN to before me
this 29th day of May, 2008.

_____

Notary Public

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ DATE ____________________ SIGNATURE OF SERVER

____________________ ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated [illegible] of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).