UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER PENA,

    Plaintiff,

v.

A & C LANDSCAPING, INC., an Illinois Corporation, EARTH, INC., an Illinois Corporation, THOMAS KANZLER, individually, GEORGE KANZLER, individually, JAMES SNYDER, individually, and BRUCE LARSON, individually,

    Defendants.

No. 05 C 3571
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

In June of 2005, Plaintiff Peter Pena ("Pena"), former employee of Defendant A & C Landscaping, Inc. ("A & C"), filed a complaint against A & C, Earth Inc. ("Earth"), and individual defendants Thomas Kanzler, George Kanzler, James Snyder, and Bruce Larson-employees of A & C and/or Earth, Inc. The complaint consisted of four counts: a civil RICO claim against all defendants; a claim of wrongful and retaliatory discharge against defendant A & C; and two claims of violations of the Illinois Wage Payment and Collection Act ("IWPCA") against defendant A & C. I previously granted Plaintiff's motion for partial summary judgment on one of the Illinois Wage Payment Act claims and granted Defendants' partial motion for summary judgment on the RICO claim. Defendants now move for summary judgment on the second IWPCA claims. For the following reasons, Defendants' Motion for Partial Summary Judgment is granted.

## II. FACTS

Because the facts of this case are discussed in detail in *Pena v. A&C Landscaping, Inc.*, No. 05 CV 3571, 2009 WL 211852, at *1-2 (Jan. 28, 2009), I will not recite them here. I will however discuss the facts relevant to this particular count.

There is little disagreement between the parties. Plaintiff's initial pay rate when, in 1998, he began working as a laborer for Defendant A & C, was $20.00 per hour, and his rate eventually went up to $21.00 per hour. In July 2000, two years after joining A & C, Plaintiff was promoted to a supervisory position and his pay was increased to $25.00 per hour. On or about 2003, Plaintiff's rate was reduced to $20.00 per hour. According to Plaintiff, this reduction was made because Defendant A & C was going to pay Plaintiff overtime. However, Plaintiff testified that he was paid straight time for any overtime hours he worked rather than the time and a half he claims was due him pursuant not to any agreement with Defendants, but rather to company practice.

Prior to June 2004, James Snider, Controller of Defendant Earth and account for A & C, calculated payroll upon submitted time sheets. After June 2004, Thomas Kanzler, who along with his brother George, operates the companies, changed the method of reporting time at both A&C and Earth, requiring employees to call a voicemail box and report their time daily. Defendant Snider would then listen to the messages, note the hours and prepare the payroll. Defendant Kanzler is unsure of the whereabouts of the forms previously used to record the contents of the voicemail messages. Every three years, Defendant corporations would discard payroll-related forms and time sheet records.

Plaintiff testified that employees often complained to him that they did not receive full pay for time worked. Plaintiff claims to have raised these issues with the Kanzler brothers and Snider, but nothing was done. According to Plaintiff, management directed employees to report 40 hours of

2

work a week on their time sheets, even if they worked in excess of 40 hours. At his deposition, Plaintiff named six employees, including his sons, who would have records in support of Plaintiff's statements that the time records were fabricated, falsified, or doctored by Defendants. Plaintiff submits no affidavits, testimony, or supporting documentation from any of these employees. Neither does Plaintiff produce any of his own paychecks or records in support of his claim.

### III. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir.2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). I will accept

3

the nonmoving party's version of any disputed fact only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## IV. DISCUSSION

Plaintiff brings Count II pursuant to the IWPCA. 820 ILL. COMP. STAT. 115/1 *et seq*. The IWPCA "creates a remedy for employees denied a contractual entitlement to wages or benefits." *Rekhi v. Wildwood Industries, Inc.*, 61 F.3d 1313, 1315 (7th 1995). Section 14(a) of the IWPCA states:

> Any employer or any agent of an employer, who, being able to pay wages, final compensation, or wage supplements and being under a duty to pay, willfully refuses to pay as provided in this Act, or falsely denies the amount or validity thereof or that the same is due, with intent to secure for himself or other person any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due, upon conviction, is guilty of a Class C misdemeanor. Each day during which any violation of this Act continues shall constitute a separate and distinct offense.

The central dispute with regard to this claim is whether Plaintiff was paid time and a half for all overtime. Plaintiff maintains he was not. Defendants claim that Plaintiff admitted in his deposition that he was in fact paid time and a half, however, Defendants fail to attach the supporting deposition transcript pages.

Plaintiff argues that his own testimony together with Defendants' conduct of "changing the method and protocol of record keeping and tracking of employee hours" raises a material issue of fact. However, after nearly five years of litigation and a lengthy discovery process, Plaintiff has failed to put forth any affidavits, testimony, or documentation in support of his claim that he is owed overtime. He points to no agreement between himself and Defendants with regard to his overtime rate. In fact, when asked at his deposition, Plaintiff stated that he had made no agreement with anyone, but it was rather company practice to pay time and a half.

Summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal citations omitted). Without any evidence to buttress Plaintiff's assertions, Plaintiff cannot survive Defendants' motion for summary judgment on this count. *See Turner v. The Saloon, Ltd.*, 491 F. Supp. 2d 767, 769-71 (N.D.Ill., 2007) (holding that plaintiff's assertion that his supervisor directed him to alter time records in avoidance of overtime eligibility, without "even a snippet of evidence to buttress that assertion" cannot avert summary judgment on an IWPCA claim). While Defendants admit that they have no records on the issue of the disputed hours, the burden is on Plaintiff to offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. For the foregoing reasons, Defendants' Motion for Partial Summary Judgment on Plaintiff's IWPCA claim is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 11, 2009

5