IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER PENA, )
)
        Plaintiff, )
)
vs. )
)   Case No. 05 C 3571
A & C LANDSCAPING, INC., an )
Illinois corporation; EARTH, INC., an )
Illinois corporation; THOMAS KANZLER, )
individually; GEORGE KANZLER, )
individually; JAMES SNIDER, )
individually; and BRUCE LARSON, )
individually, )
)
        Defendants. )

## MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50

    NOW COMES a Defendant, A&C LANDSCAPING, INC., by and through its Attorney, Joseph M. Williams, and for its Motion for Judgment Notwithstanding the Verdict, states as follows:

### I. THE COURT ERRED IN FAILNG TO TIMELY RULE ON SUMMARY JUDGMENT

    1.    That Federal Rule 50 states as follows: (See attached **Exhibit A**.)

    2.    That on May 31, 2012, the jury returned a verdict in favor of the Plaintiff, PETER PENA (hereinafter "PENA ") and against one Defendant, A&C LANDSCAPING, INC. (hereinafter "A&C") for $17,400.00 in compensatory damages and $17,400.00 in punitive damages.

    3.    That pending since October 2011 and undecided up until the day of trial, was A&C's motion for summary judgment as to Count II.

    4.    That A&C received a ruling on June 8, 2012, denying its motion for summary judgment as to Count II.[1]

---

[1] Although dated/received on June 8, 2012, it was entered on May 29, 2012, <u>before</u> the trial began, unbeknownst to A&C.

1

5. That notwithstanding three motions to set a briefing schedule as to the Count II summary judgment motion, the Court failed to so do and the Plaintiff, PETER PENA (hereinafter "PENA"), was never compelled to respond, therefore, this motion was uncontroverted.

6. That as an uncontroverted motion on its face, there would not appear to be any basis for the Court's denial thereof.

7. That this Court did not issue a written decision, as was provided on the other three (3) Counts (I, III and IV), which were all determined by summary judgment after being fully briefed by both parties.

8. That the summary judgment motion as to Count II was dispositive of all issues that were before the Court and/or presented to the jury.

9. That the failure to set a briefing schedule upon a motion that was initially presented eight months prior to trial and requested on three separate occasions, is a basis to reconsider the decision to have even impaneled a jury in this cause and/or overturn its decision.

10. That in the six years the case was pending, not one pay record, stub or document was provided to show Plaintiff's pay was improper; at trial PENA testified that <u>he</u> was properly paid by A&C.

11. That any alleged non-payment of monies involved only his sons, not PENA, and only are alleged as scaled wages due to his sons' union membership, to which PENA never belonged. PENA's case rested solely on the rights of others only.

12. The retaliatory discharge claim sprang out of the dismissed RICO claim, which was precluded by Section 301 of the Labor Management Relations Act.

13. Based upon the issues raised in A&C's summary judgment motion as to Count II, summary judgment should have been ruled upon and granted pursuant to Federal Rule Civ. Pro. 56(e).

14. As all that was in conflict were private rights of private persons with no applicable public policy and PENA admitted at trial that he told the Illinois Labor Board that he quit voluntarily due to lack of work, there were proper legal issues of material fact to try and to refuse to heard and granting said motion was an abuse of discretion and error. PENA clearly failed to carry his burden as to such claims.

15. Summary judgment must be granted where movant is entitled to it, it becoming a matter of law and non-discretionary. *Zoltec v. Safelite Glass Corp.* 884 F.Supp.283-285; *Shanahan v. City of Chicago* (N.D. Ill. 1995), 875 F.Supp 535, 936 <u>affirmed</u> 82 F.3d 776.

16. That this failure was highly prejudicial to A&C, as the motion's efficacy was not considered by the Court and allowed the jury to hear information that was irrelevant to the facts and law.

## II. THE COURT ERRED IN DENYING DEFENDANT'S MOTION IN LIMINE--EAVESDROPPING

1. That prior to empanelling the jury, A&C presented two (2) motions in limine; the first to preclude the usage of a tape recording in violation of the Illinois Eavesdropping Act (720 ILCS §5/141 and §512-2(a)(1)).

2. That the Court denied that motion, suggesting that it was a State statute and inapplicable to a federal court proceeding.

3. That the Court also stated that the statute of limitations relating thereto had been extinguished, which mooted this issue.

4. That the Court's position belies applicable law, as Count II was premised upon a State statute, the Illinois Wage & Payment Collection Act (820 ILCS §115/1, et seq.), even though it was being heard by a federal court.

5. That in addition, the tape was made only months before the case was filed, eliminating a statute of limitations issue.

6. That the denial of this motion was improper, highly prejudicial to A&C's position and is a basis to overturn the juries' verdict.

## III. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT'S COUNTERCLAIM

1. That the only nexus, in this cause, to the federal courts, was Count I, which alleged an action under 19 USC §1962, the RICO statute.

2. That on January 28, 2009, this Court granted summary judgment in favor of all Defendants and against PENA, as to Count I, specifically stating that PENA "failed to establish the existence of a RICO enterprise . . . and provided no evidence regarding the scope, duration or origin of the alleged enterprise. . .".

3. That prior thereto, this Court granted summary judgment in favor of PENA and against A&C, for $3,525.00 plus $14,520.13 in attorney's fees as to Count IV, based upon a State Court claim.

4. That, at that time, there was already pending a wholly related claim filed in State Court in DuPage County by A&C against PENA, relating to a loan made by A&C to PENA in the amount of $17,700.00, Case No. 08 AR 949, which was the identical action to one it had filed on February 13, 2007, and prior to its answer to the complaint filed in this cause.

3

5.　　That the 2008 State cause was dismissed by agreement of the parties on March 13, 2009, for removal and consolidation before this Court, a copy of the State Court order is attached hereto and made a part hereof as **Exhibit B**.

6.　　That the claims made by A&C, in the State Court, related to the monies received by A&C from PENA in repayment thereof, which this Court awarded to him by summary judgment in Count IV, alleging a violation of State law, because the deduction agreement was not in writing.

7.　　That on July 9, 2009, A&C moved this Court to re-open the pleadings for the limited purpose of filing its counterclaim previously pending in State Court, as above described, and spreading of record the <u>agreed order</u> entered in DuPage County State Court (See document No. 169 of this Court's record).

8.　　That on December 15, 2009, this Court granted PENA's motion to deny the filing of the counterclaim, decreeing that since the claim was compulsory under Rule 13(a)(1), A&C has failed to show that it fits into the Rule's exceptions of §2(A), which is that the claim was the subject of another pending action.

9.　　Therefore, no Court has ever addressed the propriety of the loan by A&C to PENA, as pled in the proposed counterclaim, which totaled $17,700.00.

10.　　That this decision was clearly inaccurate and caused A&C to lose its right(s) against PENA for those monies. See **Exhibit C**, attached hereto and made a part hereof.

## IV. THE TRIAL COURT ERRED IN FAILING TO REMAND TO STATE COURT

1.　　That in early 20009, A&C's counsel orally sought removal of this cause to State Court, as there were no federal issues remaining and this Court denied that request, stating that the case had been pending before it for a long time and the Court should finish it (See Affidavit of Thomas Laz, attached hereto as **Exhibit D**.)

2.　　That the failure to remand was prejudicial to A&C, as no federal component remained in the case.

## V. THE TRIAL COURT ERRED IN ENTERING JUDGMENT FOR RETALIATORY DISCHARGE

1.　　That a cause of action for retaliatory discharge must evidence that:

　　(a)　Plaintiff was discharged; and
　　(b)　in retaliation for his activities, which;
　　(c)　violated a clearly mandated public policy.

4

2. That there was no evidence presented to the jury, nor any documents of any kind to support a claim that PENA's wages were improperly paid or that he failed to receive proper compensation from A&C at any time.

3. That, in fact, both his testimony at deposition—that he suffered no losses—and his claim of "no work" to the Illinois Department of Labor, as well as the denial of two witnesses, his being terminated by A&C, clearly contravene any discharge or retaliation alleged by PENA in this cause.

4. That there was no evidence presented to support a claim that A&C fired him, which, in fact, was explicitly denied by A&C's two principals, Tom and George Kanzler.

5. That there was neither a public policy nor health issues involved in this cause, an element absolutely required to state a retaliatory discharge cause of action.

6. That PENA was never a member of any union and there was no grievance pending before the union at the time of his alleged discharge.[2]

7. That the Union complaints were made on behalf of PENA's sons, not him, and he "quit" his job in April 2004.

8. That only when a private (not public) interest is at stake, is a cause of action for retaliatory discharge permitted. *Long vs. Commercial Carriers, Inc.*, 57 F.3d 592, 595 (7th Cir. 1995).

9. That the submission of this cause for retaliatory discharge was without any factual or legal basis and the judgment should be vacated.

## VI. PENA PROVED NO DAMAGES

1. That PENA's lost wages were not evidenced by any documentary proofs.

2. That at his deposition, PENA testified, contrary to any claimed losses, that he suffered no damages.

3. That the claims of PENA's sons cannot be juxtaposed into his losses.

4. That the awarding of any damages is without any legal or factual basis and the judgment should be vacated.

---

[2] Union grievances were filed/heard in July (pre-grievance hearing) and October 2005 (grievance hearing)

## VII. THERE WERE NO PROVEN DAMAGES AS TO PLAINTIFF RECEIVING HEALTH INSURANCE

1. That the second motion in limine related to damages being claimed for health insurance, which A&C had never provided to PENA and said motion was denied without a valid explanation by the Court.

2. That it is unclear from the jury verdict if any of the damages awarded to PENA include claims for losses relating to health insurance as to which PENA was not entitled, to A&C'S prejudice.

## VII. THE TRIAL COURT ERRED AS THE UNION ISSUES PERTAINED TO THIRD PARTIES ONLY

1. That the claims of two of PENA's sons involved their participation as members of Local Union 150 and their purported failure to receive properly scaled wages for the labors and services they performed for A&C.

2. That PENA was never a member of the Union and admitted in his deposition that he suffered no losses during his employment with A&C due to any Union, scaled wages, or otherwise.

3. That the issues involving PENA's sons, as to the Union, do not comport with any legal rights under the theory of retaliatory discharge.

4. That both the facts and the elements of the case law supporting an action for retaliatory discharge claimed by PENA have neither been pled nor proven.

5. That the conglomerate of these numerous errors requires this Court to overturn the judgment for actual and punitive damages in favor of PENA against A&C, notwithstanding the verdict of the jury.

6. A trial judge in federal court has discretion to grant a new trial if the verdict appears against the manifest weight of the evidence. *Medcom Holding Co. vs. Baxter Travenol Laboratories, Inc.*, 106 F.3d 1388 (1997).

WHEREFORE, a Defendant, A&C LANDSCAPING, INC., prays this Court enter an order of judgment in its favor and against the Plaintiff, PETER PENA, notwithstanding the juries' decision.

Respectfully submitted,

By: /s/ Joseph M. Williams

Joseph M. Williams
Attorney for Defendants
810 N. Arlington Heights Road
Itasca, IL 60143
Tel: (630) 285-9800 Ext. 232
Atty No. 17039